## RECONSTRUCTION FINANCE CORP.
vs.
## A. C. HERSHATTER, ET AL.

Superior Court     New Haven County     File #48293

Present:  Hon. EDWIN C. DICKENSON, Judge.

Herbert L. Emanuelson,     Attorney for the Plaintiff.

Weissman & Maretz,     Attorneys for the Defendants.

### MEMORANDUM FILED NOVEMBER 9, 1936.

DICKENSON, J. It is alleged in the complaint that the defendant, the Hershatter Company, made a note for $2,000. and delivered it to A. C. Hershatter, that A. C. Hershatter endorsed the note to the Mechanics Bank which in turn endorsed it to the plaintiff and that the note is now the property of the plaintiff and has not been paid.

The defendant is entitled to information bearing upon the issue of whether the plaintiff is a holder in due course and interrogatories 1, 2 and 3 are granted.

As to interrogatories 5, 6 and 8, the first question is are they "material to the support of the mover's . . . defense?" **Sec. 73, P. 38, Practice Book.**

In them the defendants do not seek knowledge of collateral for their own note. They ask concerning collateral given for another debt, that of the Mechanic's Bank, along with their own. If it should appear that this debt has been satisfied by such collateral they nevertheless remain liable to their endorsee, the Mechanic's Bank, and "Whether the plaintiff sues for himself or as trustee for the payee constitutes no defense for the maker unless the latter is thereby deprived of some equit-

able defense which he may have against the payee."

3 R.C.L. (Bills & Notes) Sec. 202 P. 994. Idem Permanent Supp. P. 942.

McNary, et al vs. Farmers National Bank, 41 L.R.A. (N.S.) 1009.

That the defendant may have such a defense is suggested by interrogatory 7 but as to this interrogatory it does not appear that the plaintiff has any knowledge and that the defendant has none.

As the pleadings now stand the motion is denied except as above granted in part.